CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 29, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES LEE CECIL, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NOVAK, )<br>    Defendant. ) | Civil Action No. 7:24-cv-00235<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

James Lee Cecil, Jr., a Virginia inmate proceeding *pro* se, brought this civil rights action pursuant to 42 U.S.C. § 1983. The sole remaining defendant, Nurse Practitioner Charles Novak, moves to dismiss. (Dkt. No. 27.) Cecil filed a response in opposition to the motion to dismiss. (Dkt. No. 31.)[1]

Novak's motion to dismiss will be granted in part and denied in part.[2]

I.  BACKGROUND

Plaintiff filed this action in Roanoke County Circuit Court, and it was removed to federal court by the defendants on April 4, 2024. Plaintiff named Wellpath Health Services and "Dr. Novak"[3] as the defendants. In response to a previous motion to dismiss (Dkt. No. 18), plaintiff voluntarily dismissed his negligence claim against Novak and dismissed all claims against Wellpath (Dkt. No. 25). Plaintiff's only remaining claim is his deliberate indifference claim against Novak. (Am. Compl., Dkt. No. 26.)

---

[1] This matter was stayed due to bankruptcy proceedings involving Novak's employer, Wellpath Health Services, in the Southern District of Texas. (Dkt. No. 39.) Wellpath was discharged from bankruptcy, and the stay has been lifted. (Dkt. No. 40.)

[2] Novak has filed an additional motion to dismiss pursuant to the Confirmation Order and Stay Order in the bankruptcy proceedings. (Dkt. No. 41.) The court will address that motion separately.

[3] Plaintiff's pleadings refer to Novak as a doctor, but Novak's motion papers clarify that he is a Nurse Practitioner.

In his verified amended complaint, plaintiff alleges that he is being held at the Western Virginia Regional Jail Authority (Jail) as a pretrial detainee. Plaintiff had been a patient at the Vero Clinic in Richmond, Virginia, where a doctor prescribed him Wellbutrin for depression, mood swings, and ADHD. (Am. Compl. 8.) During the initial booking process at the jail authority, Wellpath medical personnel met with plaintiff and asked him if he was on any prescription medication. Plaintiff told them that his prescriptions were at the Walgreens on Broad Street in Richmond. (*Id.* 9.) Plaintiff never received his medication, so he contacted his doctor who forwarded the prescriptions and a copy of plaintiff's file to Novak at the Jail. (*Id.* 10.)

On February 14, 2024, plaintiff met with Novak at the Jail. Novak told plaintiff that he is "not getting Wellbutrin at this facility because it's an abused drug at this jail," then said, "now leave my office." (*Id.* 11.) According to Cecil, two other inmates in his department have been approved by Novak and are receiving this medication. (*Id.* 12.) Cecil then alleges that it is "widely spread" throughout the Jail that Novak "is a homosexual and so long as inmates flirt with the psychiatrist he will help them out with prescribing the inmates already prescribed medicine." (*Id.* 15.)

Plaintiff claims that he has suffered from depression, mood swings, and related untreated symptoms due to Novak's denial of his medication. (*Id.* 19.) Plaintiff has also experienced weight gain, weight loss, mental damages, thoughts of hopelessness and helpless stages, and periods of anti-social behavior. (*Id.* 28.) Cecil has submitted numerous requests for help and treatment for his depression but has not received any response. (*Id.* 20, 30.) Novak was aware that plaintiff was already taking prescription medication, but he refused to continue those

2

medicines. (*Id.* 22.) This was in violation of internal guidelines which require jail officials to continue a pretrial detainee's prescribed medicine. (*Id.* 31–33.)

Plaintiff requests preliminary injunctive relief seeking an order to be placed on his prescription medication. He also seeks compensatory damages, punitive damages, and attorney fees. (Am. Compl. at p. 13.)

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to

3

"conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Deliberate Indifference to Serious Medical Needs**

Cecil alleges that he was a pretrial detainee at the time of the allegations in his amended complaint. The Eighth Amendment "has no application" where there has been "no formal adjudication of guilt against [an incarcerated person] at the time he required medical care," *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), so deliberate indifference claims for pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment. *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). To state such a claim, a pretrial detainee must show that,

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short*, 87 F.4th at 611. Unlike an inmate bringing a claim under the Eighth Amendment, a pretrial detainee need not "show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.* Rather, "it is sufficient that the plaintiff show that . . . the defendant should have known of that condition and that risk, and acted accordingly." *Id.*

Novak's motion to dismiss recognizes that Cecil was incarcerated at the Jail as a pretrial detainee and that Cecil's claim is a Fourteenth Amendment claim. However, the motion briefs the issue as if Cecil's claim is governed by the Eighth Amendment standards for a deliberate indifference claim. Novak argues that Cecil's allegations do not establish that Novak possessed

4

subjective knowledge of a substantial risk of harm and acted with conscious disregard for that risk. This is not the law pursuant to *Short*. Accordingly, the court will deny Novak's motion to dismiss Cecil's claim against him in his individual capacity.

Novak also moves to dismiss Cecil's claim against him in his official capacity. Plaintiff cannot recover damages against Novak in his official capacity, but Cecil can obtain injunctive relief, which he has sought in the form of an order placing him on his prescribed medication. (Am. Compl. 13.) Accordingly, the court will deny Novak's motion to dismiss the official capacity claims against him to the extent that Cecil pursues injunctive relief. *See Johnson v. Ohai*, Civil Action No. 7:20-cv-00717, 2021 WL 3410319, at *1 (W.D. Va. Aug. 4, 2021) (dismissing "official-capacity claims for damages . . ., but claims for prospective injunctive relief will remain in the case") (citing *Will v. Dep't of State Police*, 491 U.S. 58, 66 (1989) and *Ex parte Young*, 209 U.S. 123 (1908)).

Finally, Novak has also advanced an argument that Cecil did not plead the elements of supervisory liability. The court does not consider these standards relevant because the amended complaint clearly states Novak's personal involvement in the alleged constitutional violations. *See, e.g.*, *Sandidge v. Clarke*, Civil Action No. 7:22-cv-00144, 2025 WL 938145, at *8 (W.D. Va. Mar. 27, 2025) (discussing interplay between personal involvement and supervisory liability for purposes of a § 1983 claim).

For these reasons, the motion to dismiss will be granted in part and denied in part.

### III.  CONCLUSION

The court will issue an appropriate order granting Novak's motion to dismiss to the extent that Cecil seeks monetary damages from him for actions taken in his official capacity. The court will deny the motion to dismiss in all other respects.

Entered: September 29, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge