CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES LEE CECIL, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00235 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| NOVAK, | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

James Lee Cecil, Jr., a Virginia inmate proceeding *pro* se, brought this civil rights action pursuant to 42 U.S.C. § 1983. The sole remaining defendant is Nurse Practitioner Charles Novak. At the time of the allegations underlying this lawsuit, Novak was an employee of Wellpath Health Services. The court stayed this matter due to bankruptcy proceedings filed by Wellpath in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90533(ARP). (Dkt. No. 37.) Wellpath has now been discharged from bankruptcy, and the stay was lifted. (Dkt. No. 40; Dkt. No. 48 at 1 n.1.)

Before the court is a notice of release and motion to dismiss by Novak. (Dkt. No. 41.) Cecil does not oppose this motion, which will be granted.

On May 1, 2025, the Bankruptcy Court for the Southern District of Texas entered an order confirming Wellpath's Chapter 11 Plan of Reorganization. (Case No. 24-90533, Dkt. No. 2552-1.) The court also issued various other orders, including an Extension Order and a Stay Order. (*See id.*, Dkt. Nos. 2599, 2907.) Pursuant to these orders, the automatic stay applicable to Wellpath debtors was lifted and Wellpath was discharged from liability for claims against it. Moreover, the Plan releases all claims against non-debtor defendants, such as Novak, and plaintiff did not opt out of the third-party release. (*See id.*, Dkt. No. 2552-1, IX.D; Dkt. No.

2680 ("**PLEASE TAKE FURTHER NOTICE** that, substantially contemporaneously herewith, pursuant to paragraph 43 of the Confirmation Order, Reorganized Wellpath Filed and served a notice providing that each Holder of a Claim that is or was an incarcerated individual has until **11:59 p.m. (prevailing Central Time) on July 30, 2025** (*i.e.*, 90 days after the Confirmation Date) to opt out from the Third-Party Release set forth in Article IX.D of the Plan.").)

For these reasons, it is HEREBY ORDERED that Novak's motion to dismiss (Dkt. No. 41) is GRANTED.  Plaintiff's claims against Novak are DISMISSED WITH PREJUDICE.  All other pending motions are DENIED as moot.

The Clerk is directed to strike this matter from the active docket of the court and transmit a copy of this order to plaintiff and to counsel for defendant.

Entered: March 30, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge

2